UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARCOS LOPEZ ORTIZ, | § | |
| TDCJ #01049113, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-127 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Marcos Lopez Ortiz is currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). Ortiz has filed a Petition (Dkt. 1) for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 2001 state court conviction for aggravated robbery. He also has filed a supplemental brief (Dkt. 3). After considering all of the pleadings and the applicable law, the Court will dismiss the Petition for the reasons explained briefly below.

### I. BACKGROUND

On April 11, 2001, Ortiz was convicted of aggravated robbery in Galveston County Cause No. 00CR1009.[1] Ortiz received a sentence of 25 years' imprisonment as a result of that conviction, which was affirmed on direct appeal in an unpublished opinion. *See Ortiz v. State*, Nos. 14-01-00556-CR & 14-01-00557-CR (Tex. App.–Houston [14th

---

[1] *See* TDCJ Offender Information, located at https://offender.tdcj.texas.gov/ OffenderSearch/index.jsp (last visited May 14, 2018).

Dist.] May 23, 2002, pet. ref'd) (affirming Ortiz's convictions for aggravated robbery and aggravated assault).

The Petition in this case was docketed on April 26, 2018, but is not signed or dated. The cover letter accompanying the Petition is dated April 20, 2018. Ortiz claims in his Petition that he is challenging his 2001 conviction for aggravated robbery (Dkt. 1, at 2). He argues that federal habeas relief should be granted because new evidence supports his claims of actual innocence, a conspiracy to wrongfully convict him, and denial of his due process rights (*id*. at 6-7). Ortiz states that he previously filed federal habeas petitions attacking the same conviction and that he has not received permission from the Fifth Circuit to file a second petition (*id*. at 8).

Court records reflect that Ortiz has raised similar claims in previous federal habeas proceedings under 28 U.S.C. § 2254. *See e.g.*, *Ortiz v. Dretke*, Civil No. 3:04-0354 (S.D. Tex.) (dismissed with prejudice on March 2, 2006); *Ortiz v. Davis*, Civil No. 4:17-3856 (S.D. Tex.) (dismissed as an unauthorized successive petition on February 6, 2018).

## II. **DISCUSSION**

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), which prohibits "second or successive" habeas corpus applications that do not rely on a "new rule of constitutional law" made retroactive by the Supreme Court or a factual predicate that could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(b)(2). If a prisoner wishes to pursue a second or successive habeas application he must first obtain authorization from the appropriate court of appeals before a district court can consider that application. *See* 28 U.S.C.

§ 2244(b)(3)(A). This Court has no jurisdiction to consider a successive petition absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application qualifies as second or successive when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id*. The pending petition, which duplicates claims raised and rejected in previous habeas corpus proceedings, plainly meets the second-or-successive criteria. *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003).

Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *Cain*, 137 F.3d at 235). Ortiz concedes that he has not received authorization from the Fifth Circuit to file his petition (Dkt.1, at 8). Moreover, court records reflect that the Fifth Circuit previously has denied a request from Ortiz for leave to file a second or successive application challenging his 2001 conviction. *See In re Ortiz*, No. 09-40129 (5th Cir. March 3, 2009).

Accordingly, the petition must be dismissed as an unauthorized successive writ.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes

that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The Petition (Dkt. 1) is **DISMISSED without prejudice** as an unauthorized successive petition.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 16th day of May, 2018.

_____
George C. Hanks Jr.
United States District Judge